UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00086-HBB

ELBA L. WILSON                                                     PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Elba L. Wilson ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 19) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered December 7, 2020 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

On August 26, 2016, Plaintiff filed an application for Disability Insurance Benefits, and on September 22, 2016, she filed an application for Supplemental Security Income (Tr. 15, 191-92,

193-201).¹  Plaintiff alleged that he became disabled on March 18, 2016, as a result of severe emphysema, fibrosis/scarring in the lungs, lower back pain, both shoulders do not work, and chronic fatigue from severe sleep apnea (Tr. 15, 55-56, 64-65, 76, 94, 214). Both applications were denied at the initial level on February 22, 2017, and at the reconsideration level on July 19, 2017 (DN 15, 55-63, 64-72, 75-92, 93-110).

On January 17, 2019, Administrative Law Judge William C. Zuber ("ALJ") conducted a video hearing from Louisville, Kentucky (Tr. 15, 32-33). Plaintiff and his attorney, Gary S. Logsdon, participated from Bowling Green, Kentucky (Id.). William R. Irvin, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated March 14, 2019, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-25). The ALJ noted that Plaintiff's insured status would expire on December 31, 2020 (Tr. 17). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 18, 2016, the alleged onset date (Id.). At the second step, the ALJ determined that Plaintiff has the following severe impairments: borderline intellectual functioning, anxiety, depression, chronic obstructive pulmonary disease ("COPD"), degenerative disc disease, and right ankle foot fracture (Id.). The ALJ also determined while Plaintiff has been diagnosed with obstructive sleep apnea, there is no evidence indicating it significantly limits his ability to perform basic work activities (Tr. 18).

---

1 While the ALJ's decision indicates August 25, 2016, the record indicates Plaintiff filed her application for Disability Insurance Benefits one day later (Tr. 15, 191-92, 193-201).

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.). The ALJ specifically found that Plaintiff does not meet or medically equal Listings 1.03, 3.02, 12.04, 12.05, and 12.06 (Tr. 18-20).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following additional limitations: he can occasionally stoop, crouch, crawl, kneel, balance, and climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; he can have occasional exposure to hazards such as vibrations, dangerous machinery, and unprotected heights, but no exposure to temperature extremes, humidity, dust, gas, fumes, or odors; he can understand, remember, and carry out simple routine 1-3 step instructions in a non fast-paced or quota driven environment; he can have frequent contact with coworkers and supervisors, and occasional contact with the public; any changes to his work routine/environment should be rare and gradually introduced; he can sustain concentration, persistence, and pace for two-hour periods; and his work should not require reading or writing (Tr. 20). The ALJ relied on testimony from the vocational expert to find that Plaintiff is unable to perform any of his past relevant work (Tr. 23).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 24-25). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 18,2016, through the date of the decision (Tr. 25).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 190). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

> 5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to RFC Determination

1. Arguments of the Parties

Plaintiff argues the ALJ committed legal error when he failed to assign controlling weight to the medical opinion of his primary care physician, Dr. Robert McClure (DN 13-1 PageID # 534-36 citing SSR-96-2p, 20 C.F.R. §§ 404.1527, 416.927). Plaintiff complains that no records are present from Dr. McClure for the 23 months prior to the ALJ's hearing (PageID 535). Additionally, the ALJ never asked Plaintiff's counsel if the record was complete when he enquired about objections to any of the exhibits in the file (Id.). Plaintiff goes on to argue that "the missing records were so obvious that the ALJ should have asked about them as a new diagnosis, of rheumatoid arthritis, would have had some impact on the Plaintiff's ability to do the jobs listed" (PageID 536).

Defendant claims that Dr. McClure merely completed an application for a handicapped parking permit (DN 19 PageID # 561-62). Defendant explains that Dr. McClure's statement on the application—indicating Plaintiff was permanently disabled due to rheumatoid arthritis and severe emphysema—is not a medical opinion, as the issue of disability is reserved for the Commissioner (Id. at PageID # 562, citing Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004)). Therefore, the ALJ's assessment comports with applicable law (Id.). Defendant argues that if some of Dr. McClure's records were missing, as Plaintiff contends, then Plaintiff's attorney should have brought the matter to the ALJ's attention and requested that the

administrative record remain open so that counsel could obtain and file those records in the administrative record for the ALJ's consideration (Id. at PageID # 564-65).

2. Discussion

The RFC finding is an Administrative Law Judge's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c); Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013) (the Commissioner is ultimately responsible for assessing a claimant's RFC). An Administrative Law Judge makes this finding based on a consideration of medical opinions and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a), 416.946(c). Medical opinions expressing functional limitations imposed by a claimant's physical or mental impairments can be generated by treating physicians or psychologists, consultative examining physicians or psychologists, state agency physicians or psychologists who reviewed the claimant's medical records, or medical experts who testify at hearings before an Administrative Law Judge. 20 C.F.R. §§ 404.1502, 404.1513(a)(2), 404.1513a(b), 404.1527, 404.1545(a)(3), 416.902, 416.913(a)(2), 416.913a(b), 416.927, 416.945(a)(3). Thus, in making the RFC finding, an Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529(a), 416.927(c), 416.929(a).

As Plaintiff filed his applications prior to March 27, 2017, the rules in 20 C.F.R. §§ 404.1527 and 416.927 apply to the ALJ's assignment of weight to the medical opinions in the record. The regulations require Administrative Law Judges to evaluate every medical opinion in the record. 20 C.F.R. §§ 404.1527(c), 416,927(c). The process of assigning weight to medical

7

opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of the treating source. 20 C.F.R. §§ 404.1527(c), 416.927(c). If controlling weight is not assigned to the treating source's opinion, the Administrative Law Judge must consider the factors in paragraphs (c)(1)-(6) of this section in deciding how much weight to accord each of the medical opinions in the record, including the medical opinion from the treating source. 20 C.F.R. §§ 404.1527(c), 416.927(c); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).

On September 21, 2016, Dr. McClure completed a form indicating Plaintiff has been permanently and totally disabled by rheumatoid arthritis and emphysema since August 25, 2016 (Tr. 409-10). This form is part of Plaintiff's application for a disabled person's special parking permit in Kentucky (Tr. 408-11). The relevant portion of the ALJ's decision, which discusses this form, reads as follows:

> His primary care physician attested on an application for a disabled parking permit that he would never be able to work due to rheumatoid arthritis and emphysema (Ex. B6F). There is no evidence to support this decision that is reserved to the Commissioner, and there is no diagnosis of rheumatoid arthritis in the record. This is given no weight.

(Tr. 23).

Contrary to Plaintiff's assertion, the ALJ acknowledged that Dr. McClure is a treating source. More importantly, the ALJ recognized that Dr. McClure's statement—indicating Plaintiff has been permanently and totally disabled by rheumatoid arthritis and emphysema since August 25, 2016—is not a medical opinion. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). The ALJ appropriately observed that this is an opinion on an issue reserved to the Commissioner because it involves a case dispositive administrative finding. Id. The regulations indicate "[w]e will not

8

give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section." 20 C.F.R. §§ 404.1527(e), 416.927(e). Thus, there is no merit to Plaintiff's assertion that the ALJ should have given controlling weight to Dr. McClure's opinion.

The ALJ appropriately applied the factors in 20 C.F.R. §§ 404.1527(c)(1)-(6) and 416.927(c)(1)-(6) when he evaluated all the evidence in the case record to determine the extent to which Dr. McClure's opinion is supported by the record. The ALJ explained there is no evidence in the record to support Dr. McClure's opinion that Plaintiff is totally disabled and there is no diagnosis of rheumatoid arthritis in the record. Notably, Plaintiff has not disagreed with the ALJ's findings regarding a lack of evidence in the record. Instead, Plaintiff argues the ALJ should have contacted Dr. McClure to obtain the evidence that supported Dr. McClure's opinion and diagnosis. But Plaintiff has the burden of providing sufficient medical evidence to enable the Commissioner to make a determination. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 214 (6th Cir. 1986); 20 C.F.R. §§ 404.1512(c), 404.1513(d) 416.912(c), 416.913(d).

At the outset of the hearing, the ALJ asked Plaintiff's counsel if he had the opportunity to review the record (Tr. 32). Plaintiff's counsel responded, "I have, Your Honor." (Id.). The ALJ then asked counsel if he had "Any objections to anything in the record?" (Id.). Plaintiff's counsel responded, "No, Your Honor." (Id.). If Plaintiff's counsel had been aware that several months of Dr. McClure's treatment notes were missing, the ALJ's questions would have provided him with a golden opportunity to bring this matter to the attention of the ALJ and request that the administrative record remain open so the evidence could be added. Contrary to Plaintiff's assertion, the evidence in the record indicates both Plaintiff's counsel and the ALJ were unaware

9

that the record lacked several months of Dr. McClure's treatment notes. For example, Plaintiff's own testimony—addressing arthritis in his hands—was so vague it did not suggest there was a substantial need to contact Dr. McClure to obtain additional treatment notes (*see* Tr. 40-41).[2] Moreover, Plaintiff has made no effort to substantiate his claim about the significance of these missing treatment notes by submitting them to the Appeals Council, in connection with the request for review of the ALJ's decision, or to the Court, in connection with a request for a prejudgment remand pursuant to sentence six of 42 U.S.C. § 405(g).

In sum, Plaintiff is not entitled to relief because the ALJ's findings are supported by substantial evidence in the record and comport with applicable law.

Challenge to Step Five Determination

1. Arguments of the Parties

Plaintiff begins by questioning whether the hearing transcript is accurate because it does not indicate that Plaintiff and the vocational expert were duly sworn at the same time (DN 13-1 PageID # 532-33). Next, Plaintiff argues that the vocational expert's testimony does not provide substantial evidence to support the ALJ's finding at step five (Id. at PageID # 533). More specifically, Plaintiff asserts that the packer job, DOT No. 920.685-026, does not meet the environmental restrictions in the ALJ's hypothetical question because the job involves more than occasional exposure to vibration and dangerous machinery (Id. *see* Tr. 48-49). Plaintiff explains that the packer job involves close contact with a conveyor belt which generates continuous vibrations and is dangerous because it will not stop if someone falls against it or into it (Id.).

---

2 When Plaintiff indicated he had arthritis in his hands, the ALJ asked "Have you seen a doctor about that at all?" (Tr. 40). Plaintiff responded "Yes, and I'm supposed to go back to him the 6th or something, next -- some time next week." (Id.). When asked, Plaintiff indicated he was seeing Dr. McClure for the arthritis (Id.).

Defendant contends that the vocational expert's testimony provided substantial evidence to support the ALJ's finding that there are other jobs in the national economy that Plaintiff can perform considering his RFC, age, education, and past work experience. (DN 19 PageID # 565-69). Defendant points out that vibration is not present and moving mechanical parts do not exist in the bottle packer position (Id. citing DOT No. 902.685-026). Further, Defendant asserts the ALJ complied with the regulations because there is no question that the vocational expert was sworn in before he offered his testimony (Id. citing Tr. 47; 20 C.F.R. §§ 404.950(e), 416.1450(e)). Additionally, Defendant points out that the vocational expert identified two other jobs that Plaintiff is not challenging, and they have a combined total of 378,000 positions in the national economy (Id. citing Tr. 49).

2. Discussion

Plaintiff's challenge to the accuracy of the hearing transcript seems to ignore the limited standard of review that applies to his case. Specifically, the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374 (6th Cir. 2013); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Additionally, Plaintiff's challenge is not based on evidence in the record or even the recollection of someone who actually attended the administrative hearing (DN 13-1 PageID # 532-33). Instead, it is based on conjecture and speculation. Specifically, Plaintiff's counsel relies on personal experience concerning the ALJ's practice of swearing in claimants and vocational experts at the same time during administrative hearings (Id.). More importantly, Plaintiff's challenge fails to appreciate that the transcript does not specifically indicate

when the ALJ swore in Plaintiff and the vocational expert. Instead, the transcript has parenthetical statements immediately preceding the Plaintiff and the vocational expert's testimony indicating that the witness "having been duly sworn, testified as follows:" (Tr. 33, 47). These parenthetical statements, like the parenthetical comments at the top of the first page of the transcript, provide contextual information for the reader (*see* Tr. 32, 33, 47). Specifically, they confirm that the ALJ complied with 20 C.F.R. §§ 404.950(e) and 416.1450(e) which require that witnesses "testify under oath or affirmation unless the administrative law judge finds an important reason to excuse them from taking an oath or affirmation." In sum, Plaintiff is not entitled to relief on his challenge to the accuracy of the administrative hearing transcript.

At the fifth step, the Commissioner has the burden of demonstrating a significant number of jobs exist in the national economy that the claimant can perform, given his or her RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). When a claimant's age, education, previous work experience, and RFC coincide with all of the criteria of a particular Grid Rule in Appendix 2 of the regulations, referred to as the medical-vocational guidelines, the Commissioner may rely on that Grid Rule to meet this burden. 20 C.F.R. §§ 404.1569, 416.969; Grid Rule 200.00; Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990); Moon, 923 F.2d at 1181. However, if a claimant's age, education, previous work experience, and RFC do not coincide with all the criteria of a particular Grid Rule, the Commissioner is limited to using the Grid Rule as a framework in the decision-making process and must make a non-guideline determination based on the testimony of a

vocational expert.  20 C.F.R. §§ 404.1566(e), 416.966(e); Born, 923 F.2d at 1174; Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  For example, if the claimant suffers from an exertional and a non-exertional impairment then the Grids may be used only as a framework to provide guidance for decision making.  20 C.F.R. §§ 404.1569a(d), 416.969a(d); 20 C.F.R. Part 404, Subpart P, App. 2, § 200.00(e); Abbot v. Sullivan, 905 F.2d 918, 926-927 (6th Cir. 1990); Cole v. Sec'y of Health & Human Servs., 820 F.2d 768, 771 (6th Cir. 1987); Kirk, 667 F.2d at 528-529.

SSR 00-4p imposes on the Administrative Law Judge an affirmative duty to ask the vocational expert whether there is a conflict between the vocational expert's testimony and information in the DOT.  The ALJ satisfied this requirement when he asked the vocational expert whether his testimony was consistent with the DOT (Tr. 49).[3]  *See* O'Neal v. Comm'r of Soc. Sec., 799 F. App'x 313, 318 (6th Cir. 2020).

Plaintiff was represented by counsel during the hearing and counsel had a chance to cross-examine the vocational expert, about the DOT job descriptions and any perceived inconsistencies in the testimony, but he did not (Tr. 49).  It is the responsibility of Plaintiff's counsel to challenge the accuracy of the vocational expert's testimony through cross-examination. Beinlich v. Comm'r of Soc. Sec., 345 F. App'x 163, 168 (6th Cir.2009).  Because the DOT continues to be recognized as a source of reliable job information, and Plaintiff's counsel did not cross-examine the vocational expert when he had the opportunity, the vocational expert's

---

3 The vocational expert responded "[w]ith the exception of the unscheduled breaks, everything else is consistent (Tr. 49).

testimony constitutes substantial evidence to support the ALJ's finding that Plaintiff was able to perform work that existed in significant numbers in the national economy. O'Neal, 799 F. App'x at 318; Beinlich, 345 F. App'x at 168; Ledford v. Astrue, 311 F. App'x 746, 757 (6th Cir. 2008).

Notwithstanding, Plaintiff has not objected to the vocational expert's testimony indicating the garment sorter, DOT No. 222.687-014, and the garment bagger, DOT No. 920.687-018, positions that had a combined total of 378,000 jobs in the national economy (Id.). Thus, as to these two jobs, the vocational expert identified a significant number of jobs that Plaintiff could perform, which is the legal standard that the Commissioner must meet. *See e.g.*, McCormick v. Sec'y of Health & Human Servs., 861 F.2d 998, 1000, 1002 (6th Cir. 1988) (4,000 to 5,000 jobs in Michigan); Hall v. Bowen, 837 F.2d 272, 274 (6th Cir. 1988) (1,350 to 1,800 jobs in the nine county area of Dayton, Ohio); *accord* Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1479-80 (9th Cir. 1989) (citing Hall) (1,255 jobs in Los Angeles/Orange County); Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) (citing Hall) (500 jobs in St. Louis area); Allen v. Bowen, 816 F.2d 600, 602 (11th Cir. 1987) (174 jobs locally, 1,600 jobs in Georgia, and 80,000 nationally).

In sum, the vocational expert's testimony provides substantial evidence to support the ALJ's finding that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 24). For this reason, Plaintiff is not entitled to relief.

Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to his challenge.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

June 22, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel